W. SHARP, J.,
concurring specially.
A review of this record points to the conclusion that the child involved has extremely serious behavioral disorders and that he is, in effect, mentally ill. It also appears he comes from a financially poor, advantage-challenged environment, such as might strike a state case worker as deplorable. But it does not appear that the mother or grandmother (in whose care the child has now been placed) caused the child’s condition through mistreatment or neglect. The gist of the Department’s charges is that the mother and grandmother are not capable of managing such a disturbed child.
It is suggested that in a case such as this, the proper policy — unless one is going to remove all children from poor family environments by terminating parental rights, or terminate the parental rights of parents of any financial level who cannot control their children’s bad behavior — is to focus on the child’s mental illness and take whatever measures, under the umbrella of dependency, that can be found to treat him or her and to give active support and assistance to the child’s family members to empower them to deal with the child.
The trial judge found, in denying the petition for termination of parental rights, that there is a strong bond of love and affection between the child and his grandmother and that it would not be in the child’s best interest to sever the relationship. The court also found that due to the child’s age and his emotional/behavioral problems, he would be likely to remain in long-term foster care if parental rights were terminated, and would be unlikely to have a stable and permanent family relationship, as a result of the termination. A series of foster homes and institutional care is a cold substitute for a loving family, no matter how poor its living circumstances may be.
Termination of parental rights should be the last resort. Padgett v. Dept. of Health and Rehabilitative Services, 577 So.2d 565 (Fla.1991). See also Dunn v. Blmnstein, 405 U.S. 330, 343, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972) (termination of parental rights must be least restrictive means). The trial court concluded that severance of the child’s bond with his family-grandmother, at this point, is not in his best interest. That conclusion is supported by substantial competent evidence.